# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>    Cynthia Cieri,<br><br>                Debtor. | Case No. 23-10034-mdc<br><br>Chapter 13 |

### Debtor's Motion for Sanctions for Violation of the Automatic Stay by JPMorgan Chase Bank, N.A.

**AND NOW**, Debtor Cynthia Cieri, by and through her attorney, hereby asks this court to enter an order imposing sanctions on JPMorgan Chase Bank, N.A. for violating the automatic stay. In support of this motion, the Debtor states as follows:

1. The automatic stay took effect immediately when this case was filed under Chapter 13 on January 6, 2023.

2. JPMorgan Chase Bank, N.A. (the "Creditor") was notified of this bankruptcy case via electronic means by the Bankruptcy Noticing Center on January 20, 2023. Exhibit A.

3. The Creditor has continued collection activity against the Debtor notwithstanding the Creditor's awareness of the automatic stay. Exhibit B.

4. The bankruptcy code allows a debtor to recover actual and punitive damages when the automatic stay is willfully violated. 11 U.S.C § 362(k)(1). To recover damages, a debtor must prove by a preponderance of the evidence (1) that the stay was violated, (2) that the violation was willful, and (3) that the violation injured the debtor. *In re Porcoro*, 565 B.R. 314, 321 (Bankr. D.N.J. 2017). "Conduct that violates the automatic stay is willful if the creditor knew of the stay and if the creditor's conduct that violated the automatic stay was intentional." *In re Theokary*, 444 B.R. 306, 322 (Bankr. E.D. Pa. 2011). Punitive damages may be awarded for punitive and preventive purposes when a violation of the automatic stay is particularly egregious and more than a bare violation. *In re Wagner*, 74 B.R. 898, 903-04 (Bankr. E.D. Pa. 1987) (citing *Cochetti v. Desmond*, 572 F.2d 102 (3d Cir. 1978)).

5. The Creditor's actions violated the automatic stay, which prohibits a creditor from taking "any action[ion] to collect, assess, or recover a claim against the debtor that arose before

the commencement of the case . . . ." 11 U.S.C.§ 362(a)(6). The violation was willful because the Creditor had actual knowledge of the stay and because it took affirmative, intentional action to collect on a pre-petition debt notwithstanding.

6. The Debtor is entitled to recover compensatory damages because the Creditor's willful and egregious violation of the stay caused her actual damages in the form of anxiety and mental anguish. *Lansaw v. Zokaites*, 853 F.3d 657, 664 (3d Cir. 2017) (holding that the term "actual damages" in 11 U.S.C. § 362(k)(1) includes emotional distress).

**NOW, THEREFORE**, the Debtor asks this Court to grant relief in the form of order attached and to grant such other relief in her favor as may be necessary and proper under the law.

Date: September 19, 2023

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad (#330937)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com